54 CCPA

**Application of Allen H. KEOUGH.**
**Patent Appeal No. 7794.**

United States Court of Customs and Patent Appeals.
April 27, 1967.
Rehearing Denied June 15, 1967.

Rufus M. Franklin, Worcester, Mass., for appellant.

Joseph Schimmel, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH and ALMOND, Judges.

ALMOND, Judge.

This is an appeal from the decision of the Board of Appeals affirming the rejection of claim 2 of appellant's application serial No. 114,317, filed June 2, 1961, for "Hydrocarbon Conversion Reactions."

The invention relates to the use of the hydrogen exchanged form of synthetic zeolite having the mordenite crystal structure as a catalyst for hydrocarbon conversion, specifically catalytic cracking of hydrocarbons.

Sole appealed claim 2 reads as follows:

2. A method of converting hydrocarbons to lower molecular weight fractions comprising contacting said hydrocarbons at conversion temperatures with a synthetic zeolite having the mordenite crystal structure and being in the hydrogen exchanged form, said zeolite being effective, *per se,* as the conversion catalyst.

The sole reference relied on here is:

Gladrow et al., 2, 971, 904 February 14, 1961 (Gladrow)

Gladrow's invention relates to "catalysts suitable for the conversion of hydrocarbon fractions." In the opening paragraph of the patent, Gladrow specifically lists five types of hydrocarbon conversion reactions for which his catalysts are suitable, i. e. "hydroforming, hydroisomerization, dehydrogenation, aromatization, cracking * * *." The patent states that the invention "finds its highest utility when a hydrogen atom replaces the bulk of the sodium atoms in the original sodium aluminosilicate [zeolite] * * *." In the following two sentences Gladrow discloses that:

Such materials serve not only as the support for the platinum group metal catalyst, but also possesses [sic] catalytic activity in their own right. Thus, such catalysts may serve a dual role for specific hydrocarbon conversion reactions. * * *

In view of the above teachings of Gladrow, the board commented as follows:

This reference shows contacting hydrocarbons at conversion temperatures with a zeolite in the hydrogen exchanged form which zeolite is effective per se as the conversion catalyst.

* * * * * *

Now inasmuch as appellant has admitted that his particular zeolite catalyst is old, * * * we find nothing unobvious for one of ordinary skill in this art in the employment of this zeolite catalyst material in the hydrogen form as a catalyst in the conversion of hydrocarbons as taught by Gladrow * * *.

Therefore, the board sustained "[t]he rejection on Gladrow * * * in view of the state of the art as acknowledged by appellant."

Appellant and the Solicitor agree that Gladrow specifically discloses only one zeolite species, faujasite, while appellant's claim is directed to a different zeolite species, mordenite. Thus the rejection is one of alleged obviousness under 35 U.S.C. § 103.

Although Gladrow does not specifically disclose the use of hydrogen mordenite, we agree with the board that, in the absence of substantial evidence to the contrary, it would be obvious to substitute appellant's admittedly old zeolite species in place of the hydrogen faujasite which Gladrow discloses to be useful per se as a hydrocarbon conversion catalyst. While appellant uses his hydrogen exchanged zeolite as a cracking catalyst, and Gladrow contemplates using a different hydrogen exchanged zeolite primarily for catalytic hydrogenation, dehydrogenation, and hydroisomerization of hydrocarbons, according to the working examples set forth in the patent, it is nevertheless a fact that Gladrow also discloses in his opening paragraph that his catalysts are suitable for "cracking" of hydrocarbons, as noted above. Therefore, the reference clearly suggests, at least, the use of the hydrogen form of a synthetic crystalline zeolite for catalytic "cracking" of hydrocarbons.

The Gladrow patent does not indicate that the catalytic effect is limited to any particular synthetic zeolite, e. g. hydrogen faujasite. In our view, the Patent Office has established a prima facie case on this record that it would be obvious to substitute one species of hydrogen exchanged zeolite for another to accomplish the common purpose of hydrocarbon conversion, specifically catalytic "cracking" as disclosed by Gladrow. Appellant has failed to adduce substantial evidence, as opposed to argument, to overcome this prima facie case. Consequently, the decision of the board is affirmed.

Affirmed.

RICH, J., took no part in the decision of this case.